10 CV 1549 NtcRmvL

United States District Court
District of Connecticut
FILED AT HARTFORD
9/30/10
Roberta D. Tabora, Clerk
By A. Mota
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CARLY LUTES,
KEVIN LUTES, and
S.L., PPA KEVIN and
CARLY LUTES

Plaintiffs,

v.

KAWASAKI MOTORS CORP., U.S.A.,
And
KAWASAKI MOTORS
MANUFACTURING CORP., U.S.A.

Defendants.

Civil Action No. 310CV 1549 (WWE)

## NOTICE OF REMOVAL

Defendants Kawasaki Motors Corporation, U.S.A. ("KMC"), a Delaware corporation with its principal place of business at 9950 Jeronimo Road, Irvine, California, and Kawasaki Motors Manufacturing Corporation, U.S.A. ("KMM"), a Nebraska corporation with its principal place of business at 6600 NW 27th Street, Lincoln, Nebraska (collectively "Defendants"), by and through their undersigned counsel, hereby provide notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Superior Court of Connecticut, Judicial District of New London, to the United States District Court for the District of Connecticut. The grounds for removal are as follows:

1. Plaintiff commenced this action by filing a complaint on or about August 30, 2010 in the Superior Court of Connecticut, Judicial District of New London. A summons was issued on or about August 30, 2010, and the case was docketed at KNL-CV-10-6005964-S.

2. Copies of the complaint and summons were served upon Defendants on September 3, 2010. A true and correct copy of the summons and complaint are attached hereto

as Exhibit A. The undersigned filed an appearance on September 30, 2010. A true and accurate copy of Defendants appearances are attached herewith as Exhibit B. No other substantive pleadings or papers have been filed in this litigation.

3. As set forth in more detail below, because Plaintiffs are citizens of Connecticut and Defendants are citizens of either Delaware and California, and Nebraska, and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs, this Court has original jurisdiction under 28 U.S.C. § 1332. Accordingly, this case is removable under 28 U.S.C. § 1441.

4. Under 28 U.S.C. 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Because Defendants are filing this Notice of Removal ("Notice") within thirty days of receipt of the initial pleading, this Notice is timely filed under 28 U.S.C. § 1446(b).

5. Concurrent with the filing of this Notice, Defendants are serving this Notice on Plaintiffs' counsel and filing a copy of the Notice with the Clerk of the Superior Court of Connecticut, Judicial District of New London. Venue is proper in this Court pursuant to 28 U.S.C. §§ 86 and 1441(a), because the United States District Court for the District of Connecticut is the federal judicial district embracing the Superior Court of Connecticut, Judicial District of New London, where this action was originally filed.

6. By filing a Notice of Removal in this matter, Defendants do not waive their right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Defendants specifically reserve the right to assert any defenses and/or objections to which they may be entitled.

**Diversity of Citizenship**

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the amount in controversy exceeds $ 75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. 28 U.S.C. 1332 (a)(1).

8. Complete diversity exists between the parties to this action. Defendant KMC is a Delaware corporation with its principal place of business at 9950 Jeronimo Road, Irvine, California, Minneapolis, and thus is a citizen of California and Delaware. (*See* Affidavit of Michael A. Becker, attached as Exhibit C); 28 U.S.C. 1332 (c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ."). Defendant KMM is a Nebraska corporation with its principal place of business at 6600 NW 27th Street, Lincoln, Nebraska, and thus is a citizen of Nebraska. (*See* Affidavit of Karen Neal, attached as Exhibit D); 28 U.S.C. 1332 (c)(1).

9. As alleged in the Complaint, Plaintiffs are residents of Connecticut (Compl. ¶ 1), and upon information and belief, Plaintiffs are citizens of Connecticut..

10. Because the Plaintiffs are citizens of Connecticut and Defendants are citizens of California, Delaware and Nebraska, complete diversity exists in this action.

**Amount in Controversy**

11. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

12. Plaintiffs' Civil Cover Sheet indicates that Plaintiffs seek damages in excess of $2,500, exclusive of interest and costs, and their Statement in Amount in Demand indicates that Plaintiffs claim damages in excess of $15,000, exclusive of interests and costs. The Complaint itself does not indicate what Plaintiffs seek in the way of damages in this action. Given the nature of the damages alleged by the Plaintiffs, if believed to be true, it appears that Plaintiffs seek in excess of $75,000, exclusive of interest and costs, and that this action is therefore removable to federal court.

13. Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by Defendants.

WHEREFORE, Notice is given that this action is removed from the Superior Court of Connecticut, Judicial District of New London, to the United States District Court for the District of Connecticut.

DATED: September 30, 2010

Respectfully submitted,

Paul D. Williams (ct05244)
Ryan P. Greco (ct27819)
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
Telephone: (860) 275-0100
Facsimile: (860) 275-0343

ATTORNEYS FOR DEFENDANTS KAWASAKI MOTORS CORP., USA and KAWASAKI MOTORS MANUFACTURING CORP., USA

**CERTIFICATION**

I hereby certify that on September 30, 2010, I filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court and provided notice to the following counsel of record via first-class mail:

Shelley L. Graves, Esq.
Faulkner & Graves, PC
216 Broad Street
P.O. Box 391
New London, CT 06320

Attorney for Plaintiffs

Ryan P. Greco (ct27819)

# Exhibit A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-08
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 70 Huntington Street, New London, CT 06320 | (860) 443-5363 | October 5, 2010 (Month, Day, Year) |
| ☒ Judicial District ☐ Housing Session ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) New London | Case type code (See list on page 2) Major: T Minor: 20 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Shelley L. Graves, Faulkner & Graves, PC, 216 Broad St., PO Box 391, New London, CT 06320 | 103027 |
| Telephone number (with area code) (860) 442-9900 | Signature of Plaintiff (If self-represented) |

Number of Plaintiffs: 3 Number of Defendants: 2 ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Lutes, Carly<br>Address: 84 Driftwood Circle, Groton, CT 06340 | P-01 |
| Additional Plaintiff | Name: Lutes, Kevin<br>Address: 84 Driftwood Circle, Groton, CT 06340 | P-02 |
| First Defendant | Name: PPA, Lutes, Kevin and Lutes, Carly<br>Address: 84 Driftwood Circle, Groton, CT 06340 | D-50 |
| Additional Defendant | Name: Kawasaki Motors Corp., USA<br>Address: 9950 Jeronimo Road, Irvine, CA 92618<br>Agent for Service: Donald J. Koprowski, Kawasaki Motors Corp Corp., USA 9950 Jeronimo Road, Irvine, CA 92618 | D-51 |
| Additional Defendant | Name: Kawasaki Motors Manufacturing Corp, USA<br>Address: 6600 NW 27th Street, Lincoln, NE 68524<br>Agent for Service: CT Corporation System 1024 K Street, Lincoln, NE 68508 | D-52 |
| Additional Defendant | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left: Shelley L. Graves | Date signed: 8/30/10 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

A TRUE COPY ATTEST
JOSEPH LOGIOCO
STATE MARSHAL

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
Shelley Graves, 216 Broad St., New London, CT 06320

| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Date 8/30/10 | Docket Number |
|---|---|---|---|

| | | |
|---|---|---|
| RETURN DATE: OCTOBER 5, 2010 | : | SUPERIOR COURT |
| CARLY LUTES AND<br>KEVIN LUTES AND<br>PPA KEVIN and<br>CARLY LUTES | : | J.D. OF NEW LONDON |
| VS. | | |
| | : | AT NEW LONDON |
| KAWASAKI MOTORS CORP., U.S.A.<br>AND<br>KAWASAKI MOTORS MANUFACTURING<br>CORP., U.S.A. | : | AUGUST 30, 2010 |

## COMPLAINT

**First Count (As to Carly Lutes)**

1. At all times relevant hereto, the plaintiffs Carly Lutes, Kevin Lutes and resided in Groton, Connecticut. The plaintiff is a minor 4 years old and brings this action through her parents and legal guardians Kevin Lutes and Carly Lutes.

2. At all times relevant hereto, the defendant Kawasaki Motor Corp., U.S.A., (hereinafter referred to as "KMC") was, and is, a corporation incorporated under the laws of Delaware having a principal place of business in Irvine, California.

3. At all times relevant hereto, the defendant Kawasaki Motors Manufacturing Corp., U.S.A. (hereinafter referred to as "KMM") was, and is, a

corporation incorporated under the laws of Nebraska having a principal place of business in Lincoln, Nebraska.

4. The defendants KMC and/or KMM designed, manufactured, distributed, sold or otherwise placed in the stream of commerce their personal watercraft products, including the 2008 Jet Ski STX-15F (hereinafter referred to as "Jet Ski"), and expected their Jet Ski to reach users and consumers in the state of Connecticut.

5. The defendant KMC is a "product seller", as defined in Conn. Gen. Stat. §52-572m(a), of personal watercraft, including the Jet Ski.

6. The defendant KMM is a "product seller", as defined in Conn. Gen. Stat. §52-572m(a), of personal watercraft, including the Jet Ski.

7. On May 21, 2008, plaintiff Kevin Lutes purchased a brand new Jet Ski on behalf of his family from Coastline Motorsports, an authorized dealer of the defendants' products, located in Old Saybrook, Connecticut.

8. The Jet Ski reached the Lutes family, who were foreseeable users of the product, without substantial change in the condition in which it was manufactured/distributed/ sold by the defendants.

9. Between the date of purchase and the accident date, the Jet Ski was periodically used on the water, and otherwise properly stored and maintained at

the Lutes family residence in Groton, Connecticut. At no time was the Jet Ski either altered or modified from its original, new condition by the plaintiffs or any other person.

10. On August 31, 2008, at approximately 1:15 p.m., the plaintiff Kevin Lutes was operating the family's Jet Ski on the western branch of the Susquehanna River (Lake Augusta) in the vicinity of Shikellamy State Park, Sunbury, Pennsylvania. At that time, the plaintiff Carly Lutes was seated on the Jet Ski directly behind her husband Kevin Lutes and their daughter s was seated directly in front of Kevin Lutes.

11. On the above date and time, the subject Jet Ski was transporting an unmanned, inflated towable tube in the water by a rope secured to the Jet Ski using a "recessed hook" on the port side (left) of the Jet Ski.

12. The rope had been threaded through the "recessed hook" and knotted such that one length of the rope flowed from the "recessed hook" to the inflated towable tube (hereinafter referred to as "rope length A") and the other length of the rope flowed from the "recessed hook" to the "hook" at the rear of the Jet Ski (hereinafter referred to as "rope length B").

13. During transport of the unmanned tube as aforesaid by rope length A, rope length B was slack. The plaintiff Carly Lutes was holding coils of rope length B loosely around her left arm.

14. As the Jet Ski transported the unmanned tube as aforesaid, the subject "recessed hook" suddenly and without warning broke away from the Jet Ski decking causing the previously slack rope length B to rapidly constrict around the plaintiff Carly Lutes' left arm, pulling her violently off of the Jet Ski and severing her left hand from her arm.

15. The subject "recessed hook" was expected to and did reach the Lutes family without substantial change in the condition from which it was sold as a part of the Jet Ski, nor were any modifications or alterations made to the "recessed hook" by the plaintiffs or any other person after their purchase of the Jet Ski.

16. The defendants KMM and KMC by acts or omissions designed, manufactured, distributed and/or sold the Jet Ski in a defective and unreasonably dangerous condition in that:

a) the "recessed hook" failed as aforesaid while being used for an intended purpose, or a use reasonably foreseeable to the defendants;

b) the "recessed hook" could not be used without unreasonable risk of injury to foreseeable users of the Jet Ski in that the material from which the

"recessed hook" was made was not sufficient to withstand its intended or foreseeable uses and/or it was not sufficiently secure to the Jet Ski decking;

c) it was reasonably foreseeable that the "recessed hooks" of the Jet Ski would be used in this manner, yet the defendants failed to warn of the risk associated with this use, provide adequate safeguards to prevent this use, or otherwise alter the design of the Jet Ski by removing the "recessed hooks" from the Jet Ski or designing or manufacturing them to be sufficiently strong or secure;

d) they outfitted the Jet Ski with the "recessed hooks" when they knew or should have known that the need for or usefulness of the "recessed hooks" was substantially outweighed by the inherent danger of the "recessed hooks" given the reasonably foreseeable uses of same and their insufficient strength and manner of attachment to the Jet Ski decking;

e) adequate warnings and instructions for safe use, or of prohibited uses, of the "recessed hooks" were not provided; and/or they failed to communicate such warnings or instructions to the person(s) best able to take or recommend precautions against the harm that could ensue if these warnings or instructions were not heeded;

f) provided a manual with the Jet Ski that improperly instructed and/or misrepresented that the "recessed hooks" were intended and safe for use in towing;

g) adequate warnings and instructions for safe transportation of an unmanned tube were not provided when pulling a tuber was one of the intended and foreseeable uses of the Jet Ski and the need to transport the tube without a rider was foreseeable; and/or they failed to communicate such warnings or instructions to the person(s) best able to take or recommend precautions against the harm that could ensue if these warnings or instructions were not heeded;

h) they failed to design and manufacture the Jet Ski with the capability of safe transport of a tube or otherwise warn against such transportation when pulling a tuber was one of the intended and foreseeable uses of the Jet Ski and the need to transport the tube without a rider was foreseeable;

i) adequate warnings and instructions relative to the use, and injury producing risks, of rope were not provided when one of the intended and foreseeable uses of the Jet Ski was rope-related water sports, including tubing; and/or they failed to communicate such warnings or instructions to the person(s) best able to take or recommend precautions against the harm that could ensue if these warnings or instructions were not heeded;

j) they misrepresented that the Jet Ski was safe for its intended uses and foreseeable uses;

k) they negligently designed and/or manufactured the "recessed hooks" and/or failed to provide adequate warnings or instructions concerning there use when they knew or should have known the "recessed hooks" were unsuitable for their intended or foreseeable uses; or

l) they breached an implied or express warranty of merchantability in that the Jet Ski was not of merchantable quality and fit for its intended purpose as aforesaid.

17. The defective and unreasonably dangerous condition of the Jet Ski as aforesaid proximately caused severe injuries and damages to the plaintiff Carly Lutes as more fully set forth below.

18. The defendants are liable and legally responsible to the plaintiff Carly Lutes for the defective and unreasonably dangerous Jet Ski as aforesaid pursuant to Conn. Gen. Stat. §52-572m, *et seq*. (Product Liability Act).

19. As a result of the accident, the plaintiff Carly Lutes suffered the traumatic amputation of her left hand requiring emergency surgical replantation of the hand and insertion of surgical hardware. As a further result, she suffered additional injuries and resultant conditions of the left arm, wrist and hand, including, but

not limited to: dislocation of her left wrist and rupture, dysfunction and/or adhesions to various tendons and nerves of her left arm, wrist and hand. All of which injuries and conditions have resulted in severe pain and discomfort, prolonged immobilization of the left arm, wrist and hand, loss of use and restriction of motion to her left arm, wrist and hand and significant and severe mental pain, anguish and emotional distress. As a result of her injuries, she was forced to undergo significant medical care, including, but not limited to: multiple surgeries and accompanying hospitalizations, multiple diagnostic studies, substantial orthopedic follow up care, and lengthy courses of physical and occupational therapy. She has required assistive devices and she has been forced to take various prescription medications. The injuries sustained by the plaintiff Carly Lutes are permanent in nature and will necessitate further care. Moreover, her injuries will be the source of continuing physical and mental pain and permanent disability. In addition, she has been and will in the future be unable to participate in many of the activities in which she engaged in prior to said accident.

20. As a further result of the defendants' misconduct, the plaintiff Carly Lutes sustained permanent and disfiguring scarring which have caused and will in the future continue to cause her great humiliation and embarrassment.

21. Moreover as a further result of the defendants' misconduct, the plaintiff has and will continue to suffer anxiety and fear of increased and worsening impairment and disability in the future and the need for, and risks of, further surgical intervention.

22. As a further result of the defendants' misconduct, the plaintiff, Carly M. Lutes, has incurred, and will continue to incur in the future, expenses for her hospitalizations, medical care and treatment, surgical procedures, diagnostic studies, physical and occupational therapies, medical equipment and medications.

23. As a result of her injuries, the plaintiff Carly Lutes has received, and will in the future continue to receive, medical and hospital care and treatment provided by and through the United States of America. The plaintiff, for the sole use and benefit of the United States of America, under the provisions of 42 U.S.C. §§ 2651-2653 et seq. and 10 U.S.C. § 1095, and with its express consent, asserts a claim for the cost of said medical and hospital care and treatment and the value of future care.

24. As a further result of the defendant's misconduct, the plaintiff Carly Lutes has and will continue to suffer a loss in income or wages and she has suffered a permanent impairment of her earning capacity.

25. The defendants KMM and KMC are liable and legally responsible to the plaintiff Carly Lutes for the injuries and harm she suffered pursuant to the Connecticut Products Liability Act contained in Conn. Gen. Stat. §52-572m, et seq.

**Second Count (As to Kevin Lutes – Loss of Consortium)**

1-25. Plaintiff Kevin Lutes repeats and realleges each and every allegation of paragraphs 1 through 25 of the First Count as though fully set forth herein.

26. As a result of the severe injuries to his wife, the plaintiff Kevin Lutes suffered, and will continue to suffer in the future, a loss of a variety of intangible relations between and among him and his wife, the plaintiff Carly Lutes. These losses include the following:

(a) companionship;

(b) interdependence;

(c) reliance;

(d) affection;

(e) sharing; and

(f) aid.

27. Pursuant to Conn. Gen. Stat. §52-572m, et seq. (Product Liability Act), the defendants are liable and legally responsible to the plaintiff Kevin Lutes for his

loss of consortium with his wife as a result of their manufacture/distribution/sale of a defective and unreasonably dangerous Jet Ski as aforesaid.

**Third Count (As to Kevin Lutes - Bystander Emotional Distress)**

1-25. Plaintiff Kevin Lutes repeats and realleges each and every allegation of paragraphs 1 through 25 of the First Count as though fully set forth herein.

26. As a result of the defendants' misconduct as aforesaid, the plaintiff Kevin Lutes suffered severe emotional distress because: (1) he is the husband of Carly Lutes; (2) he was at the scene of the accident and contemporaneously observed the amputation of his wife's hand; (3) the injury to Carly Lutes was substantial; and (4) his reaction was beyond that which a disinterested person would have because of their spousal relationship.

27. As a result of the defendants' misconduct as aforesaid, the plaintiff Kevin Lutes underwent psychological counseling.

28. As a further result of the defendants' misconduct, the plaintiff, Kevin Lutes incurred, and will continue to incur in the future, expenses for psychological care and treatment.

29. As a result of his emotional distress, the plaintiff Kevin Lutes has received, and will in the future continue to receive, medical care and treatment provided by and through the United States of America. The plaintiff, for the sole use and

benefit of the United States of America, under the provisions of 42 U.S.C. §§ 2651-2653 et seq. and 10 U.S.C. § 1095, and with its express consent, asserts a claim for the cost of said medical care and treatment and the value of future care.

30. Pursuant to Conn. Gen. Stat. §52-572m, et seq. (Product Liability Act), the defendants are liable and legally responsible to the plaintiff Kevin Lutes for his emotional distress and damages as a result of their manufacture/distribution/sale of a defective and unreasonably dangerous Jet Ski as aforesaid.

**Fourth Count (As to Kevin Lutes - Negligent Infliction of Emotional Distress)**

1-30. Plaintiff Kevin Lutes repeats and realleges each and every allegation of paragraphs 1 through 30 of the Third Count as though fully set forth herein.

31. The aforesaid misconduct of the defendants created an unreasonable risk of causing emotional distress to the plaintiff Kevin Lutes which distress was foreseeable.

32. As a result of the conduct of the defendants as aforesaid, the plaintiff Kevin Lutes suffered severe emotional distress of a nature severe enough to result in illness or bodily harm.

**Fifth Count (As to - Bystander Emotional Distress)**

1-25. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 25 of the First Count as though fully set forth herein.

26. As a result of the conduct of the defendants as aforesaid, the plaintiff suffered severe emotional distress because: (1) she is the minor daughter of Carly Lutes and she was 2 ½ years old at the time of the accident; (2) she was at the scene of the accident and contemporaneously observed the amputation of her mother's hand; (3) the injury to her mother Carly Lutes was substantial; and (4) her reaction was beyond that which a disinterested person would have because the injury was to her mother.

27. As a result of the defendants' misconduct as aforesaid, the plaintiff required psychological counseling.

28. As a further result of the defendants' misconduct, the plaintiffs Kevin Lutes and Carly Lutes, on behalf of the plaintiff , incurred, or will in the future incur, expenses for her psychological care and treatment.

29. As a result of her emotional distress, the plaintiff has received, and will in the future continue to receive medical care and treatment provided by and through the United States of America. The plaintiff, for the sole use and benefit of the United States of America, under the provisions of 42 U.S.C. §§ 2651-2653 et seq. and 10 U.S.C. § 1095, and with its express consent, asserts a claim for the cost of said medical care and treatment and the value of future care.

30. Pursuant to Conn. Gen. Stat. §52-572m, et seq. (Product Liability Law), the defendants are liable and legally responsible to the plaintiff r her emotional distress and damages, including medical expenses incurred on her behalf, as a result of their manufacture/distribution/sale of a defective and unreasonably dangerous Jet Ski as aforesaid.

**Sixth Count (As to s -Negligent Infliction of Emotional Distress)**

1-30. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 30 of the Fifth Count as though fully set forth herein.

31. The aforesaid misconduct of the defendants created an unreasonable risk of causing emotional distress to the plaintiff which distress was foreseeable.

32. As a further result of the defendants' misconduct as aforesaid, the plaintiff suffered severe emotional distress of a nature severe enough to result in illness or bodily harm.

**Seventh Count (As to all Plaintiffs – Punitive Damages pursuant to Conn. Gen. Stat. § 52-240b)**

1-25. Plaintiffs, Carly Lutes, Kevin Lutes and ; PPA, Kevin and Carly Lutes, repeat and reallege each and every allegation of paragraphs 1 through 25 of the First Count as though fully set forth herein.

26-27. Plaintiffs, Carly Lutes, Kevin Lutes and , PPA, Kevin and Carly Lutes, repeat and reallege each and every allegation of paragraphs 26 through 27 of the Second Count as though fully set forth herein.

28-32. Plaintiffs, Carly Lutes, Kevin Lutes and . PPA, Kevin and Carly Lutes, repeat and reallege each and every allegation of paragraphs 26-30 of the Third Count as though fully set forth herein.

33-34. Plaintiffs, Carly Lutes, Kevin Lutes and s, PPA, Kevin and Carly Lutes, repeat and reallege each and every allegation of paragraphs 31-32 of the Fourth Count as though fully set forth herein.

35-39. Plaintiffs, Carly Lutes, Kevin Lutes and PPA, Kevin and Carly Lutes, repeat and reallege each and every allegation of paragraphs 26-30 of the Fifth Count as though fully set forth herein.

40-41. Plaintiffs, Carly Lutes, Kevin Lutes and PPA, Kevin and Carly Lutes, repeat and reallege each and every allegation of paragraphs 31-32 of the Sixth Count as though fully set forth herein.

42. The aforesaid misconduct of the defendants was undertaken with reckless disregard for the safety of product users, including the plaintiffs.

**WHEREFORE** the plaintiffs claim:

1) Fair, just and reasonable money damages;

2) Statutory punitive damages as per Conn. Gen. Stat. §52-240b as to the Seventh Count of the Complaint;

3) Such other relief as this court may deem appropriate in law and/or equity.

**THE PLAINTIFFS,**
**CARLY LUTES**
**KEVIN LUTES**
**, PPA KEVIN LUTES**
**and CARLY LUTES**

**BY:**____________________
**Shelley L. Graves, of**
**Faulkner & Graves, P.C.**
**216 Broad St., PO Box 391**
**New London, CT 06320**
**Phone: 860-442-9900**
**Fax: 860-443-6428**
**Juris # 103027**

| | | |
|---|---|---|
| RETURN DATE: OCTOBER 5, 2010 | : | SUPERIOR COURT |
| CARLY LUTES,<br>KEVIN LUTES AND<br>, PPA KEVIN LUTES<br>and CARLY LUTES<br>VS. | : | J.D. OF NEW LONDON |
| | : | AT NEW LONDON |
| KAWASAKI MOTORS CORP., U.S.A.<br>AND<br>KAWASAKI MOTORS<br>MANUFACTURING CORP., U.S.A. | : | AUGUST 30, 2010 |

**STATEMENT OF AMOUNT IN DEMAND**

Amount, legal interest or property in demand exclusive of interest and costs is $15,000.00 or more.

THE PLAINTIFFS,
CARLY LUTES
KEVIN LUTES
[redacted], PPA KEVIN
LUTES and CARLY LUTES

By: ________________
Shelley L. Graves, of
Faulkner & Graves, P.C.
216 Broad St., PO Box 391
New London, CT 06320
Phone: 860-442-9900
Fax: 860-443-6428
Juris # 103027

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CARLY LUTES,<br>KEVIN LUTES, and<br>S.L., PPA KEVIN and<br>CARLY LUTES | ) | |
| Plaintiffs, | ) | Civil Action No. __________ |
| v. | ) | |
| KAWASAKI MOTORS CORP., U.S.A.,<br>and KAWASAKI MOTORS<br>MANUFACTURING CORP., U.S.A. | ) | |
| Defendants. | ) | |

**NOTICE OF APPEARANCE**

Please enter the appearance of the undersigned as attorney for the Defendants in the above-entitled action.

Respectfully submitted,

Ryan P. Greco

Ryan P. Greco (ct27819)
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
Telephone: (860) 275-0100
Facsimile: (860) 275-0343

ATTORNEY FOR DEFENDANTS KAWASAKI MOTORS CORP., USA and KAWASAKI MOTORS MANUFACTURING CORP., USA

**CERTIFICATION**

I hereby certify that on September 30, 2010, I filed the foregoing **NOTICE OF APPEARANCE** with the Clerk of the Court and provided notice to the following counsel of record via first-class mail:

Shelley L. Graves, Esq.
Faulkner & Graves, PC
216 Broad Street
P.O. Box 391
New London, CT 06320

Attorney for Plaintiffs

Ryan P. Greco (ct27819)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARLY LUTES,<br>KEVIN LUTES, and<br>S.L., PPA KEVIN and<br>CARLY LUTES<br><br>Plaintiffs,<br><br>v.<br><br>KAWASAKI MOTORS CORP., U.S.A.,<br>and KAWASAKI MOTORS<br>MANUFACTURING CORP., U.S.A.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. ________ |

**NOTICE OF APPEARANCE**

Please enter the appearance of the undersigned as attorney for the Defendants in the above-entitled action.

Respectfully submitted,

Paul Williams
_______________________

Paul D. Williams (ct05244)
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
Telephone: (860) 275-0100
Facsimile: (860) 275-0343

ATTORNEY FOR DEFENDANTS KAWASAKI MOTORS CORP., USA and KAWASAKI MOTORS MANUFACTURING CORP., USA

## CERTIFICATION

I hereby certify that on September 30, 2010, I filed the foregoing **NOTICE OF APPEARANCE** with the Clerk of the Court and provided notice to the following counsel of record via first-class mail:

Shelley L. Graves, Esq.
Faulkner & Graves, PC
216 Broad Street
P.O. Box 391
New London, CT 06320

Attorney for Plaintiffs

Paul Williams

Paul D. Williams (ct05244)

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CARLY LUTES,<br>KEVIN LUTES, and<br>[redacted], PPA KEVIN and<br>CARLY LUTES<br><br>Plaintiffs,<br><br>v.<br><br>KAWASAKI MOTORS CORP., U.S.A.,<br>and KAWASAKI MOTORS<br>MANUFACTURING CORP., U.S.A.<br><br>Defendants. | ) | Civil Action No. ____________ |

**AFFIDAVIT OF MICHAEL A. BECKER**

I, Michael A. Becker, being first duly sworn, deposes and says:

1. I am General Counsel & Secretary for Defendant Kawasaki Motors Corp., U.S.A ("KMC").

2. KMC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 9950 Jeronimo Road, Irvine, California.

______________________
Michael A. Becker

Subscribed and sworn to (or affirmed) before me on this 16th day of September, 2010 by Michael A. Becker proved to me on the basis of satisfactory evidence to the person who appeared before me.

______________________
Notary Public
My Commission Expires: June 28, 2014

MELISSA J. LIPPAND
Commission # 1891649
Notary Public - California
Orange County
My Comm. Expires Jun 28, 2014

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CARLY LUTES,<br>KEVIN LUTES, and<br>[redacted] PPA KEVIN and<br>CARLY LUTES | ) | |
| Plaintiffs, | ) | Civil Action No. ____________ |
| v. | ) | |
| KAWASAKI MOTORS CORP., U.S.A.,<br>and KAWASAKI MOTORS<br>MANUFACTURING CORP., U.S.A. | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF KAREN NEAL**

I, Karen Neal, being first duly sworn, deposes and says:

1. I am Director, OEM Business and Human Resources for Defendant Kawasaki Motors Manufacturing Corp., U.S.A ("KMM").

2. KMM is a corporation organized and existing under the laws of the State of Nebraska with its principal place of business at 6600 NW 27th Street, Lincoln, Nebraska.

Karen Neal

Subscribed and sworn to, before me, this 17th day of September, 2010.

Notary Public
My Commission Expires:

6/29/2012

ROBERT FAIRCHILD
General Notary
State of Nebraska
My Commission Expires Jun 29, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLY LUTES,<br>KEVIN LUTES, and<br>S.L., PPA KEVIN and<br>CARLY LUTES<br><br>Plaintiffs,<br><br>v.<br><br>KAWASAKI MOTORS CORP., U.S.A.,<br>and KAWASAKI MOTORS<br>MANUFACTURING CORP., U.S.A.<br><br>Defendants. | Civil Action No. ____________ |

**CERTIFICATE OF FILING AND**
**SERVICE OF NOTICE OF REMOVAL**

The undersigned counsel for the Defendants, Kawasaki Motors Corporation, U.S.A., and Kawasaki Motors Manufacturing Corporation, U.S.A., hereby certifies that the annexed Notice of Filing Notice of Removal, together with a copy of the Notice of Removal, were filed electronically on September 30, 2010, with the Office of the Clerk of the Superior Court for the Judicial District of New London, 70 Huntington Street, New London, CT 06320, and that true and correct copies of the same were mailed, via first-class mail, postage prepaid, to Shelley L. Graves, 216 Broad Street, P.O. Box 391, New London, CT 06320, the attorney for the plaintiffs.

DATED: September 30, 2010

Respectfully submitted,

Paul D. Williams (ct05244)
Ryan P. Greco (ct27819)
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
Telephone: (860) 275-0100
Facsimile: (860) 275-0343

ATTORNEYS FOR DEFENDANTS KAWASAKI MOTORS CORP., USA and KAWASAKI MOTORS MANUFACTURING CORP., USA

**CERTIFICATION**

I hereby certify that on September 30, 2010, I filed the foregoing **CERTIFICATE OF FILING AND SERVICE OF NOTICE OF REMOVAL** with the Clerk of the Court and provided notice to the following counsel of record via first-class mail:

Shelley L. Graves, Esq.
Faulkner & Graves, PC
216 Broad Street
P.O. Box 391
New London, CT 06320

Attorney for Plaintiffs

Ryan P. Greco (ct27819)

| | | |
|---|---|---|
| DOCKET NO. KNL-CV-10-6005964-S | ) | SUPERIOR COURT |
| | ) | |
| CARLY LUTES, | ) | |
| KEVIN LUTES, and | ) | |
| PPA KEVIN and | ) | |
| CARLY LUTES, | ) | JUDICIAL DISTRICT OF NEW |
| | ) | |
| | ) | LONDON AT NEW LONDON |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KAWASAKI MOTORS CORP., U.S.A. | ) | |
| and | ) | |
| KAWASAKI MOTORS | ) | |
| MANUFACTURING CORP., U.S.A. | ) | |
| Defendants. | ) | SEPTEMBER 30, 2010 |

**NOTICE OF FILING NOTICE OF REMOVAL**
**TO THE JUDGES OF THE SUPERIOR COURT FOR THE STATE OF CONNECTICUT AND TO ALL PARTIES TO THE ACTION HEREIN**

PLEASE TAKE NOTICE that on September 30, 2010, the Defendants, Kawasaki Motors Corporation, U.S.A., and Kawasaki Motors Manufacturing Corporation, U.S.A., (hereinafter "Defendants") are simultaneously filing a Notice of Removal of this action to the United States District Court for the District of Connecticut pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446. A true and correct copy of said Notice of Removal is attached hereto as Exhibit A.

You are further advised that this Petition for Removal is served and filed pursuant to 28 U.S.C. § 1446(d) and that no further process shall proceed unless and until this case is remanded.

DEFENDANTS, KAWASAKI MOTORS CORP., U.S.A., and KAWASAKI MOTORS MANUFACTURING, U.S.A.

By: /s/ Ryan P. Greco
Paul D. Williams
Ryan P. Greco
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212
(860) 275-0100
(860) 275-0343 (fax)
Juris No. 014229
Their Attorneys

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent this date via first-class mail, postage prepaid to all counsel of record as follows:

Shelley L. Graves, Esq.
Faulkner & Graves, PC
216 Broad Street
P.O. Box 391
New London, CT 06320

Attorney for Plaintiffs

/s/ Ryan P. Greco
Ryan P. Greco