# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CARLY LUTES AND** | : | **3:10-CV-01549 -WWE** |
| **KEVIN LUTES AND** | | |
| **S.L. PPA KEVIN AND** | | |
| **CARLY LUTES** | | |
| | | |
| **Plaintiffs,** | : | |
| | | |
| **v.** | | |
| | | |
| **KAWASAKI MOTORS CORP., USA,** | : | |
| **AND KAWASAKI MOTORS MANUFACTURING** | | |
| **CORP., USA** | | |
| | | |
| **Defendants.** | : | **APRIL 19, 2011** |

## NOTICE OF FILING FIRST AMENDED COMPLAINT

The plaintiffs hereby give notice of filing their First Amended Complaint for

which leave was granted by the Court (Eginton, J.) on April 12, 2011 within the

Memorandum of Decision on Defendants' Motion to Dismiss.

1

DATE: APRIL 19, 2011
THE PLAINTIFFS,
CARLY LUTES
KEVIN LUTES
S.L., PPA KEVIN LUTES and CARLY
LUTES


BY: _____
Shelley L. Graves of
Faulkner & Graves, P.C.
216 Broad St., PO Box 391
New London, CT 06320
Phone: 860-442-9900
Fax: 860-443-6428
slg@faulknerandgraves.com
Juris # ct 14094

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

**CARLY LUTES AND**            :        3:10-CV-01549 -WWE
**KEVIN LUTES AND**
**S.L, PPA KEVIN AND**
**CARLY LUTES**

                 **Plaintiffs,**         :

     **v.**

**KAWASAKI MOTORS CORP., USA,**      :
**AND KAWASAKI MOTORS MANUFACTURING**
**CORP., USA**

              **Defendants.**      :     **APRIL 19, 2011**

## FIRST AMENDED COMPLAINT

### First Count (As to Carly Lutes)

1.      At all times relevant hereto, the plaintiffs Carly Lutes, Kevin Lutes and S.L. resided in Groton, Connecticut.  The plaintiff S.L. is a minor 4 years old and brings this action through her parents and legal guardians Kevin Lutes and Carly Lutes.

2.      At all times relevant hereto, the defendant Kawasaki Motor Corp., U.S.A., (hereinafter referred to as "KMC") was, and is, a corporation incorporated under the laws of Delaware having a principal place of business in Irvine, California.

Faulkner & Graves, P.C.
216 Broad Street ▪ P.O. Box 391 ▪ New London, CT  06320 ▪ Tel: (860) 442-9900 ▪ Fax: (860) 443-6428 ▪ JURIS # 103027

3.     At all times relevant hereto, the defendant Kawasaki Motors Manufacturing Corp., U.S.A. (hereinafter referred to as "KMM") was, and is, a corporation incorporated under the laws of Nebraska having a principal place of business in Lincoln, Nebraska.

4.     The defendants KMC and/or KMM designed, manufactured, distributed, sold or otherwise placed in the stream of commerce their personal watercraft products, including the 2008 Jet Ski STX-15F (hereinafter referred to as "Jet Ski"), and expected their Jet Ski to reach users and consumers in the state of Connecticut.

5.     The defendant KMC is a "product seller", as defined in Conn. Gen. Stat. §52-572m(a), of personal watercraft, including the Jet Ski.

6.     The defendant KMM is a "product seller", as defined in Conn. Gen. Stat. §52-572m(a), of personal watercraft, including the Jet Ski.

7.     On May 21, 2008, plaintiff Kevin Lutes purchased a brand new Jet Ski on behalf of his family from Coastline Motorsports, an authorized dealer of the defendants' products, located in Old Saybrook, Connecticut.

8.     The Jet Ski reached the Lutes family, who were foreseeable users of the product, without substantial change in the condition in which it was manufactured /distributed/ sold by the defendants.

9.     Between the date of purchase and the accident date, the Jet Ski was periodically used on the water, and otherwise properly stored and maintained at the Lutes family residence in Groton, Connecticut.  At no time was the Jet Ski either altered or modified from its original, new condition by the plaintiffs or any other person.

4

10.     On August 31, 2008, at approximately 1:15 p.m., the plaintiff Kevin Lutes was operating the family's Jet Ski on the western branch of the Susquehanna River (Lake Augusta) in the vicinity of Shikellamy State Park, Sunbury, Pennsylvania.  At that time, the plaintiff Carly Lutes was seated on the Jet Ski directly behind her husband Kevin Lutes and their daughter S.L. was seated directly in front of Kevin Lutes.

11.     On the above date and time, the subject Jet Ski was transporting an unmanned, inflated towable tube in the water by a rope secured to the Jet Ski using a "recessed hook" on the port side (left) of the Jet Ski.

12.     The rope had been threaded through the "recessed hook" and knotted such that one length of the rope flowed from the "recessed hook" to the inflated towable tube (hereinafter referred to as "rope length A") and the other length of the rope flowed from the "recessed hook" to the "hook" at the rear of the Jet Ski (hereinafter referred to as "rope length B").

13.     During transport of the unmanned tube as aforesaid by rope length A, rope length B was slack.  The plaintiff Carly Lutes was holding coils of rope length B loosely around her left arm.

14.     As the Jet Ski transported the unmanned tube as aforesaid, the subject "recessed hook" suddenly and without warning broke away from the Jet Ski decking causing the previously slack rope length B to rapidly constrict around the plaintiff Carly Lutes' left arm, pulling her violently off of the Jet Ski and severing her left hand from her arm.

Faulkner & Graves, P.C.
216 Broad Street ▪ P.O. Box 391 ▪ New London, CT  06320 ▪ Tel: (860) 442-9900 ▪ Fax: (860) 443-6428 ▪ JURIS # 103027

15.    The subject "recessed hook" was expected to and did reach the Lutes family without substantial change in the condition from which it was sold as a part of the Jet Ski, nor were any modifications or alterations made to the "recessed hook" by the plaintiffs or any other person after their purchase of the Jet Ski.

16.    The defendants KMM and KMC by acts or omissions designed, manufactured, distributed and/or sold the Jet Ski in a defective and unreasonably dangerous condition in that:

a)    the "recessed hook" failed as aforesaid while being used for an intended purpose, or a use reasonably foreseeable to the defendants;

b)    the "recessed hook" could not be used without unreasonable risk of injury to foreseeable users of the Jet Ski in that the material from which the "recessed hook" was made was not sufficient to withstand its intended or foreseeable uses and/or it was not sufficiently secure to the Jet Ski decking;

c)    it was reasonably foreseeable that the "recessed hooks" of the Jet Ski would be used in this manner, yet the defendants failed to warn of the risk associated with this use, provide adequate safeguards to prevent this use, or otherwise alter the design of the Jet Ski by removing the "recessed hooks" from the Jet Ski or designing or manufacturing them to be sufficiently strong or secure;

d)    they outfitted the Jet Ski with the "recessed hooks" when they knew or should have known that the need for or usefulness of the "recessed hooks" was substantially outweighed by the inherent danger of the "recessed hooks" given the

6

reasonably foreseeable uses of same and their insufficient strength and manner of attachment to the Jet Ski decking;

e)  adequate warnings and instructions for safe use, or of prohibited uses, of the "recessed hooks" were not provided; and/or they failed to communicate such warnings or instructions to the person(s) best able to take or recommend precautions against the harm that could ensue if these warnings or instructions were not heeded;

f)  provided a manual with the Jet Ski that improperly instructed and/or misrepresented that the "recessed hooks" were intended and safe for use in towing;

g)  adequate warnings and instructions for safe transportation of an unmanned tube were not provided when pulling a tuber was one of the intended and foreseeable uses of the Jet Ski and the need to transport the tube without a rider was foreseeable; and/or they failed to communicate such warnings or instructions to the person(s) best able to take or recommend precautions against the harm that could ensue if these warnings or instructions were not heeded;

h)  they failed to design and manufacture the Jet Ski with the capability of safe transport of a tube or otherwise warn against such transportation when pulling a tuber was one of the intended and foreseeable uses of the Jet Ski and the need to transport the tube without a rider was foreseeable;

i)  adequate warnings and instructions relative to the use, and injury producing risks, of rope were not provided when one of the intended and foreseeable uses of the Jet Ski was rope-related water sports, including tubing; and/or they failed to

7

communicate such warnings or instructions to the person(s) best able to take or recommend precautions against the harm that could ensue if these warnings or instructions were not heeded;

     j)     they misrepresented that the Jet Ski was safe for its intended uses and foreseeable uses;

     k)     they negligently designed and/or manufactured the "recessed hooks" and/or failed to provide adequate warnings or instructions concerning there use when they knew or should have known the "recessed hooks" were unsuitable for their intended or foreseeable uses; or

     l)     they breached an implied or express warranty of merchantability in that the Jet Ski was not of merchantable quality and fit for its intended purpose as aforesaid.

17.     The defective and unreasonably dangerous condition of the Jet Ski as aforesaid proximately caused severe injuries and damages to the plaintiff Carly Lutes as more fully set forth below.

18.     The defendants are liable and legally responsible to the plaintiff Carly Lutes for the defective and unreasonably dangerous Jet Ski as aforesaid pursuant to Conn. Gen. Stat. §52-572m, *et seq.* (Product Liability Act).

19.     As a result of the accident, the plaintiff Carly Lutes suffered the traumatic amputation of her left hand requiring emergency surgical replantation of the hand and insertion of surgical hardware.  As a further result, she suffered additional injuries and resultant conditions of the left arm, wrist and hand, including, but not limited to:

Faulkner & Graves, P.C.
216 Broad Street ▪ P.O. Box 391 ▪ New London, CT 06320 ▪ Tel: (860) 442-9900 ▪ Fax: (860) 443-6428 ▪ JURIS # 103027

dislocation of her left wrist and rupture, dysfunction and/or adhesions to various tendons and nerves of her left arm, wrist and hand.  All of which injuries and conditions have resulted in severe pain and discomfort, prolonged immobilization of the left arm, wrist and hand, loss of use and restriction of motion to her left arm, wrist and hand and significant and severe mental pain, anguish and emotional distress.  As a result of her injuries, she was forced to undergo significant medical care, including, but not limited to: multiple surgeries and accompanying hospitalizations, multiple diagnostic studies, substantial orthopedic follow up care, and lengthy courses of physical and occupational therapy.  She has required assistive devices and she has been forced to take various prescription medications.   The injuries sustained by the plaintiff Carly Lutes are permanent in nature and will necessitate further care.  Moreover, her injuries will be the source of continuing physical and mental pain and permanent disability.  In addition, she has been and will in the future be unable to participate in many of the activities in which she engaged in prior to said accident.

20.     As a further result of the defendants' misconduct, the plaintiff Carly Lutes sustained permanent and disfiguring scarring which have caused and will in the future continue to cause her great humiliation and embarrassment.

21.     Moreover as a further result of the defendants' misconduct, the plaintiff has and will continue to suffer anxiety and fear of increased and worsening impairment and disability in the future and the need for, and risks of, further surgical intervention.

Faulkner & Graves, P.C.
216 Broad Street ▪ P.O. Box 391 ▪ New London, CT  06320 ▪ Tel: (860) 442-9900 ▪ Fax: (860) 443-6428 ▪ JURIS # 103027

22.    As a further result of the defendants' misconduct, the plaintiff, Carly Lutes, has incurred, and will continue to incur in the future, expenses for her hospitalizations, medical care and treatment, surgical procedures, diagnostic studies, physical and occupational therapies, medical equipment and medications.

23.    As a result of her injuries, the plaintiff Carly Lutes has received, and will in the future continue to receive, medical and hospital care and treatment provided by and through the United States of America. The plaintiff, for the sole use and benefit of the United States of America, under the provisions of 42 U.S.C. §§ 2651-2653 et seq. and 10 U.S.C. § 1095, and with its express consent, asserts a claim for the cost of said medical and hospital care and treatment and the value of future care.

24.    As a further result of the defendant's misconduct, the plaintiff Carly Lutes has and will continue to suffer a loss in income or wages and she has suffered a permanent impairment of her earning capacity.

25.    The defendants KMM and KMC are liable and legally responsible to the plaintiff Carly Lutes for the injuries and harm she suffered pursuant to the Connecticut Products Liability Act contained in Conn. Gen. Stat. §52-572m, et seq.

**Second Count (As to Kevin Lutes – Loss of Consortium)**

1-25.    Plaintiff Kevin Lutes repeats and realleges each and every allegation of paragraphs 1 through 25 of the First Count as though fully set forth herein.

26.    As a result of the severe injuries to his wife, the plaintiff Kevin Lutes suffered, and will continue to suffer in the future, a loss of a variety of intangible relations between

10

and among him and his wife, the plaintiff Carly Lutes. These losses include the following:

       (a)    companionship;

       (b)    interdependence;

       (c)    reliance;

       (d)    affection;

       (e)    sharing; and

       (f)    aid.

27.     Pursuant to Conn. Gen. Stat. §52-572m, et seq. (Product Liability Act), the defendants are liable and legally responsible to the plaintiff Kevin Lutes for his loss of consortium with his wife as a result of their manufacture/distribution/sale of a defective and unreasonably dangerous Jet Ski as aforesaid.

**Third Count (As to Kevin Lutes - Bystander Emotional Distress)**

1-25.   Plaintiff Kevin Lutes repeats and realleges each and every allegation of paragraphs 1 through 25 of the First Count as though fully set forth herein.

26.     As a result of the defendants' misconduct as aforesaid, the plaintiff Kevin Lutes suffered severe emotional distress because: (1) he is the husband of Carly Lutes; (2) he was at the scene of the accident and contemporaneously observed the amputation of his wife's hand; (3) the injury to Carly Lutes was substantial; and (4) his reaction was beyond that which a disinterested person would have because of their spousal relationship.

11

27.     As a result of the defendants' misconduct as aforesaid, the plaintiff Kevin Lutes underwent psychological counseling.

28.     As a further result of the defendants' misconduct, the plaintiff, Kevin Lutes incurred, and will continue to incur in the future, expenses for psychological care and treatment.

29.     As a result of his emotional distress, the plaintiff Kevin Lutes has received, and will in the future continue to receive, medical care and treatment provided by and through the United States of America. The plaintiff, for the sole use and benefit of the United States of America, under the provisions of 42 U.S.C. §§ 2651-2653 et seq. and 10 U.S.C. § 1095, and with its express consent, asserts a claim for the cost of said medical care and treatment and the value of future care.

30.     Pursuant to Conn. Gen. Stat. §52-572m, et seq. (Product Liability Act), the defendants are liable and legally responsible to the plaintiff Kevin Lutes for his emotional distress and damages as a result of their manufacture/distribution/sale of a defective and unreasonably dangerous Jet Ski  as aforesaid.

**Fourth Count (As to Kevin Lutes - Negligent Infliction of Emotional Distress)**

1-30.   Plaintiff Kevin Lutes repeats and realleges each and every allegation of paragraphs 1 through 30 of the Third Count as though fully set forth herein.

31.     As a result of the defendants' misconduct as aforesaid, the plaintiff Kevin Lutes suffered severe emotional distress arising from his active participation in the events leading up to and through the time of accident in that: (1) Kevin Lutes secured the

Faulkner & Graves, P.C.
216 Broad Street ▪ P.O. Box 391 ▪ New London, CT  06320 ▪ Tel: (860) 442-9900 ▪ Fax: (860) 443-6428 ▪ JURIS # 103027

unmanned towable tube to the Jet Ski using the "recessed hook" as aforesaid; and (2) Kevin Lutes was the operator of the subject Jet Ski at the time of the accident.

32.     The aforesaid misconduct of the defendants created an unreasonable risk of causing emotional distress to the plaintiff Kevin Lutes which distress was foreseeable.

33.     As a result of the conduct of the defendants as aforesaid, the plaintiff Kevin Lutes suffered severe emotional distress of a nature severe enough to result in illness or bodily harm.

**Fifth Count (As to S.L.- Bystander Emotional Distress)**

1-25.   Plaintiff S.L. repeats and realleges each and every allegation of paragraphs 1 through 25 of the First Count as though fully set forth herein.

26.     As a result of the conduct of the defendants as aforesaid, the plaintiff S.L. suffered severe emotional distress because: (1) she is the minor daughter of Carly Lutes and she was 2 ½ years old at the time of the accident; (2) she was at the scene of the accident and contemporaneously observed the amputation of her mother's hand; (3) the injury to her mother Carly Lutes was substantial; and (4) her reaction was beyond that which a disinterested person would have because the injury was to her mother.

27.     As a result of the defendants' misconduct as aforesaid, the plaintiff
S.L. required psychological counseling.

28.     As a further result of the defendants' misconduct, the plaintiffs Kevin Lutes and Carly Lutes, on behalf of the plaintiff S.L., incurred, or will in the future incur, expenses for her psychological care and treatment.

Faulkner & Graves, P.C.
216 Broad Street ▪ P.O. Box 391 ▪ New London, CT  06320 ▪ Tel: (860) 442-9900 ▪ Fax: (860) 443-6428 ▪ JURIS # 103027

29.     As a result of her emotional distress, the plaintiff S.L. has received, and will in the future continue to receive medical care and treatment provided by and through the United States of America. The plaintiff, for the sole use and benefit of the United States of America, under the provisions of 42 U.S.C. §§ 2651-2653 et seq. and 10 U.S.C. § 1095, and with its express consent, asserts a claim for the cost of said medical care and treatment and the value of future care.

30.     Pursuant to Conn. Gen. Stat. §52-572m, et seq. (Product Liability Law), the defendants are liable and legally responsible to the plaintiff S. L. for her emotional distress and damages, including medical expenses incurred on her behalf, as a result of their manufacture/distribution/sale of a defective and unreasonably dangerous Jet Ski as aforesaid.

**Sixth Count (As to all Plaintiffs – Punitive Damages pursuant to Conn. Gen. Stat. § 52-240b)**

1-25.   Plaintiffs, Carly Lutes, Kevin Lutes and S.L. PPA, Kevin and Carly Lutes, repeat and reallege each and every allegation of paragraphs 1 through 25 of the First Count as though fully set forth herein.

26-27.  Plaintiffs, Carly Lutes, Kevin Lutes and S.L., PPA, Kevin and Carly Lutes, repeat and reallege each and every allegation of paragraphs 26 through 27 of the Second Count as though fully set forth herein.

14

28-32.  Plaintiffs, Carly Lutes, Kevin Lutes and S.L., PPA, Kevin and Carly Lutes, repeat and reallege each and every allegation of paragraphs 26-30 of the Third Count as though fully set forth herein.

33-34.  Plaintiffs, Carly Lutes, Kevin Lutes and S.L., PPA, Kevin and Carly Lutes, repeat and reallege each and every allegation of paragraphs 31-32 of the Fourth Count as though fully set forth herein.

35-39.  Plaintiffs, Carly Lutes, Kevin Lutes and S.L., PPA, Kevin and Carly Lutes, repeat and reallege each and every allegation of paragraphs 26-30 of the Fifth Count as though fully set forth herein.

40.    The aforesaid misconduct of the defendants was undertaken with reckless disregard for the safety of product users, including the plaintiffs.

**WHEREFORE** the plaintiffs claim:

    1) Fair, just and reasonable money damages in excess of $75,000.00, exclusive of interest and costs; and

    2) Statutory punitive damages as per Conn. Gen. Stat. §52-240b as to the Sixth Count of the Complaint.

Faulkner & Graves, P.C.
216 Broad Street ▪ P.O. Box 391 ▪ New London, CT  06320 ▪ Tel: (860) 442-9900 ▪ Fax: (860) 443-6428 ▪ JURIS # 103027

DATE: APRIL 19, 2011
THE PLAINTIFFS,
CARLY LUTES
KEVIN LUTES
S.L., PPA KEVIN LUTES and CARLY
LUTES


BY: _____
Shelley L. Graves of
Faulkner & Graves, P.C.
216 Broad St., PO Box 391
New London, CT 06320
Phone: 860-442-9900
Fax: 860-443-6428
slg@faulknerandgraves.com
Juris # ct 14094


PLAINTIFFS HEREBY CLAIM
A TRIAL BY JURY
DATED: APRIL 19, 2011

Faulkner & Graves, P.C.
216 Broad Street ▪ P.O. Box 391 ▪ New London, CT  06320 ▪ Tel: (860) 442-9900 ▪ Fax: (860) 443-6428 ▪ JURIS # 103027

## CERTIFICATION

I hereby certify that on this date a copy of the foregoing First Amended Complaint was electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_____
Shelley L. Graves (ct14094)

17