```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT

CARLY LUTES, KEVIN LUTES, AND    :
S.L., PPA KEVIN AND CARLY        :
LUTES                            :
                                 :
v.                               :    CIV. NO. 3:10CV1549 (WWE)
                                 :
KAWASAKI MOTORS CORP., USA       :
AND KAWASAKI MOTORS              :
MANUFACTURING CORP.              :
```

### RULING ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF UNREDACTED WARRANTY CLAIM DOCUMENTS FROM KAWASAKI MOTORS CORPORATION [DOC. #142]

Plaintiffs Carly and Kevin Lutes bring this products liability action against defendants Kawasaki Motors Corporation, USA (KMC), and Kawasaki Motors Manufacturing Corporation (KMM). It arises out of personal injuries plaintiffs sustained from an accident involving a Jet Ski manufactured by KMM and marketed and distributed by KMC. Pending before the Court is plaintiffs' motion to compel the production of unredacted warranty claim documents. [Doc. #142]. Defendant KMC opposes plaintiffs' motion. [Doc. #152]. The Court heard oral argument on this motion on February 18, 2014. For the reasons articulated below, plaintiffs' motion to compel is GRANTED IN PART AND DENIED IN PART.

**Background**

The claims in this action arise from the use of a "recessed hook"[1] on plaintiffs' Jet Ski. Specifically, plaintiffs Carly and

---

[1] The parties dispute the proper term for the device in question. Plaintiffs refer to the subject device as a "cleat." The owner's manual for the Jet Ski at issue refers to the device as a "recessed hook", while the Kawasaki parts system refers to it as a "cargo hook."

Kevin Lutes were using their Jet Ski to tow an unmanned inner tube, which was attached by rope to the Jet Ski's recessed hook and tow hook.  Plaintiff Carly Lutes was holding the excess rope when the recessed hook allegedly broke away from the Jet Ski, causing the tow rope to constrict around her arm, pulling her off the Jet Ski, and severing her left hand from her arm.  Plaintiffs allege, <u>inter alia</u>, that the subject jet ski was defectively designed by using the recessed hook.

Over the course of extensive discovery, KMC produced documents relating to warranty claims involving the recessed hook for the Jet Ski model at issue.  KMC has produced twenty two (22) such warranty claims, albeit with redactions to the customers' names, addresses, and telephone numbers.  KMC redacted this information pursuant to the right to privacy set forth in Article I, Section I of the California Constitution.

Plaintiffs seek the customer information to counter KMC's suggestion that it has never heard of a customer using the recessed hooks for anything other than securing cargo.  Plaintiffs contend that they should not have to "take KMC's word for it", in light of the significant number of replacement parts sold, and the dealer comments in the warranty claim documents.  Plaintiffs also claim that this information is "potentially critical to the issues of notice, the pre-and post-sale duties to warn, and recklessness."  Simply, plaintiffs seek to investigate how these customers used the recessed hooks, and how the hooks broke.

---

For purposes of this ruling, the subject device will be referred to as a "recessed hook."

**Discussion**

In this diversity action, the parties hotly contest the applicability of Connecticut versus California law to the right to privacy privilege claimed by KMC on behalf of its customers.[2] However, the Court finds that it need not reach the choice of law determination where plaintiffs' need for the requested information and the customers' potential privacy interests may be accommodated by KMC sending a letter, prepared by plaintiffs, to each of the warranty claim customers.  In this letter, plaintiffs may briefly explain the nature of the present suit, and request that the customers contact plaintiffs' counsel to discuss how the customers used the recessed hooks, and how the hooks broke.  The letter may also include a limited number of questions relating to how the customers used the recessed hooks, and how the hooks were broken.  The customers shall be permitted to answer these questions in writing as an alternative to speaking to counsel. Plaintiffs shall also include with the letters a self-addressed stamped envelope to facilitate the return of any answered questions.

The Court will permit plaintiffs to send letters to all twenty two (22) of the warranty claim customers.  Plaintiffs will bear the costs of mailing the letters to the customers.  KMC shall mail the letters to the customers via United States

---

[2] "The California Constitution expressly provides that all people have the 'inalienable' right to privacy." <u>Planned Parenthood Golden Gate v. Superior Court</u>, 83 Cal. App. 4th 347, 357 (2000) (citation omitted).  California courts have "frequently recognized that individuals have a substantial interest in the privacy of their home", including residential addresses and telephone numbers. <u>Id.</u> at 359 (compiling cases).

Mail within five (5) days of receiving plaintiffs' mailing packets. The parties may contact the Court for a telephone conference if, after a reasonable amount of time from the date of the mailing, plaintiffs have not received any responses from the warranty claim customers.

**Conclusion**

Accordingly, plaintiffs' motion to compel [Doc. #142] is GRANTED IN PART AND DENIED IN PART.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 19th day of February 2014.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE