UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CARLY LUTES, KEVIN LUTES, AND :
S.L., PPA KEVIN AND CARLY      :
LUTES                         :
                              :
                              :
v.                            :   CIV. NO. 3:10CV1549 (WWE)
                              :
KAWASAKI MOTORS CORP., USA    :
AND KAWASAKI MOTORS           :
MANUFACTURING CORP.           :

## RULING ON PLAINTIFFS' MOTIONS TO COMPEL RE: 30(b)(6) DEPOSITIONS [DOC. ## 135, 137]

Plaintiffs Carly and Kevin Lutes bring this products liability action against defendants Kawasaki Motors Corporation, USA (KMC), and Kawasaki Motors Manufacturing Corporation (KMM). It arises out of personal injuries plaintiffs sustained from an accident involving a Jet Ski manufactured by KMM and marketed and distributed by KMC. Pending before the Court are two discovery motions, plaintiffs' motion to compel related to the Rule 30(b)(6) deposition testimony of KMC [Doc. #135] and plaintiffs' motion to compel 30(b)(6) testimony of KMM on additional topics and production of all documents related to the agreed and court-ordered deposition topics. [Doc. #137].   Upon careful consideration, plaintiffs' motions to compel are GRANTED IN PART AND DENIED IN PART, for the reasons articulated below.

## I.   Background

This matter has been pending before the Court since September 30, 2010.  [Doc. #1].  Over the course of this matter, the parties have engaged in extensive fact discovery that has required several extensions of the pre-trial scheduling order.

Fact discovery is scheduled to close on February 28, 2014.
Plaintiff issued 30(b)(6) notices of depositions to KMM and KMC
in January 2013.  The Court then held hearings in February and
July 2013 to address and limit the notices' scope.  Plaintiffs
conducted the 30(b)(6) depositions of KMC and KMM
representatives in December 2013. Plaintiffs filed the pending
motions to compel in response to the testimony received during
these depositions.

**II.  30(b)(6) Depositions**

Rule 30(b)(6) provides:

> [A] party may name as the deponent a public or
> private corporation… and must describe with
> reasonable particularity the matters for
> examination.  The named organization must then
> designate one or more officers, directors, or
> managing agents, or designate other persons who
> consent to testify on its behalf… The persons
> designated must testify about information known
> or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). "Pursuant to Rule 30(b)(6), the
deponent 'must make a conscientious good-faith endeavor to
designate the persons having knowledge of the matters sought by
[the party noticing the deposition] and to prepare those persons
in order that they can answer fully, completely, unevasively,
the questions posed ... as to the relevant subject matters.'"
Sony Elec., Inc. v. Soundview Techn., Inc., 217 F.R.D. 104, 112
(D. Conn. 2002) (quoting Bank of New York v. Meridien BIAO Bank
Tanzania Ltd., 171 F.R.D. 135, 151 (S.D.N.Y. 1997)).  "While the
30(b)(6) deponents need not have personal knowledge concerning
the matters set out in the deposition notice… the corporation is
obligated to prepare them so that they may give knowledgeable

answers." Scoof Trading Dev. Co., Ltd. v. GE Fuel Cell Sys., LLC, No. 10 Civ. 1391(LGS)(JCF), 2013 WL 1286078, at *2 (S.D.N.Y. March 28, 2013) (compiling cases; internal quotations omitted). Accordingly, a party responding to a 30(b)(6) notice must "prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." Id.

With respect to whether a 30(b)(6) examination may exceed the scope of the 30(b)(6) notice, courts are divided. Some adhere to the rule that, "when a deponent is produced pursuant to Fed. R. 30(b)(6), the scope of questioning at the deposition is not defined by the notice of deposition – instead, Fed. R. Civ. P. 26(1) defines the scope of discovery unless otherwise ordered by the Court." Meyer Corp. U.S. v. Alfay Designs, Inc., No. CV 2010 3647(CBA)(MDG), 2012 WL 3536987, at *4 (E.D.N.Y. Aug. 13, 2012) (citation omitted). Under this line of cases, "[t]he topics designated in a notice of deposition cannot be used to limit what is asked of the designated witness, but rather, it constitutes the minimum, not the maximum, about what a deponent must be prepared to speak." Id. Other courts, however, take a more restrictive view that, "If a party opts to employ the procedures of Rule 30(b)(6), to depose the representative of a corporation, that party must confine the examination to the matters stated with reasonable particularity which are contained in the Notice of Deposition." Falchenberg v. N.Y. State Dept. of Educ., 642 F. Supp. 2d 156, 164 (S.D.N.Y. 2008)(citation omitted). Pursuant to this view, "Questions and

answers exceeding the scope of the 30(b)(6) notice will not bind the corporation, but are merely treated as answers of the individual deponent." Id. (compiling cases).  Therefore, "If the 30(b)(6) deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem." Id. (compiling cases).

Under the circumstances presented here, especially in light of the Court intervention sought to limit the scope of the subject 30(b)(6) notices, the more sound approach is to adopt the view that a 30(b)(6) examination should be confined to matters stated with reasonable particularity in the notice of deposition.  However, in enforcing such limitation, the Court is inclined "to read the notice broadly to permit substantial inquiry so that the witness does not avoid testimony on a technicality…" 7 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE §30.25[4](3d ed. 2013).

**III. Discussion**

Doc. #135 Motion to Compel Regarding KMC's 30(b)(6) Deposition

    **1. Motion to compel production of properly prepared KMC representative to testify regarding all agreed and Court-ordered deposition topics**

Plaintiffs point to deficiencies in KMC's designated representative, Russel Brenan's, 30(b)(6) testimony as to topics 1, 7, and 8.  As to topic #1[1], plaintiffs argue that Mr. Brenan was unable to provide a specific answer regarding KMC's input

---

[1] "KMC to produce a corporate representative to testify that it is not responsible for design development testing and manufacturing and that KMC performed certain overall product endurance testing of the overall product, including various riding sessions and, while they were not specific to the hooks they were tests of the durability and functionality of the overall product…" [Doc. #125-2, at 3].

into the design of the subject recessed hooks.  KMC responds
that Mr. Brenan testified to, and confirmed, each of the points
designated by the Court in topic #1. After a review of Mr.
Brenan's testimony, the Court agrees that he adequately
testified on the issues designated in topic #1.  Apparently,
plaintiffs seek KMC to designate a new representative on topic
#1 because Mr. Brenan was not able to provide a specific answer
to one question.  However, Mr. Brenan's inability to answer this
specific question does not warrant the designation of a new
witness.  Rather, plaintiffs may seek leave to serve excess
interrogatories addressing this question, to the extent that
plaintiffs have not already addressed this question via written
discovery. See, e.g., Alexander v. F.B.I., 186 F.R.D. 137, 142-
43 (D. D.C. 1998) (citing United States v. Massachusetts Idus.
Finance Agency, 162 F.R.D. 410 (D. Mass. 1995)) (allowing party
to submit questions to which it did not receive answers at
30(b)(6) deposition via interrogatories).

Plaintiffs also argue that Mr. Brenan did not testify
satisfactorily regarding market research activities conducted by
KMC for Kawasaki Heavy Industries, Ltd. (KHI).  A broad reading
of topic #1 does not lend itself to an inquiry regarding
marketing activities.  Therefore, "If the 30(b)(6) deponent does
not know the answer to questions outside the scope of the
matters described in the notice, then that is the examining
party's problem." Falchenberg, 642 F. Supp. 2d at 164.
Plaintiffs' motion to compel the production of a new KMC
representative regarding topic #1 is DENIED.

With respect to topics 7 and 8, KMC has agreed to produce a corporate representative to address these topics for the remaining two hours of the 30(b)(6) deposition. [Doc. #150, at 12]. Therefore, plaintiffs' motion to compel as to the redesignation of a KMC witness on topics 7 and 9 is denied as MOOT. The parties shall confer and set a mutually agreeable time and date for these depositions.

### 2. Motion to compel the production of all non-privileged documents

Plaintiffs next seek the production of all non-privileged documents related to each agreed and Court-ordered deposition topic, or for KMC to attest for each topic that despite diligent efforts, no responsive documents have been identified. Plaintiffs have gleaned from deposition testimony that KMC did not conduct a thorough search and inquiry for such documents. KMC argues that the motion to compel should be denied because the parties have agreed[2] that absent plaintiffs' specific identification of relevant documents, KMC is not required to produce any additional documents and, here, plaintiffs have failed to provide any such specific identification.

The Court GRANTS in part plaintiffs' motion to compel on this issue. In light of the parties' agreement, plaintiffs should specifically identify any non-privileged documents they

---

[2] "The parties have agreed that KMC does not have to produce documents in response to the below Schedule A other than KMC will produce, to the extent they exist, the documents that will be responsive to Topic Nos. 10 and 12 as modified by this pleading. Moreover, the parties have agreed that if documents are identified by deponent that are relevant and responsive to the items sought in Schedule A as modified by the agreed upon depositions topics that KMC will either produce the document at the deposition or after the deposition." [Id. at Sched. A].

seek that are responsive to the 30(b)(6) topics, which
plaintiffs believe have not been produced.  In so doing,
plaintiffs should refer to supporting deposition testimony.
Defendant KMC shall produce such documents, or attest in writing
that despite diligent effort, no such documents have been
located, within thirty (30) days of receiving plaintiffs'
designation of the documents sought.

### 3. Motion to compel answers to questions deponent instructed not to answer

During the course of Mr. Brenan's deposition, counsel for
KMC instructed Mr. Brenan not to answer questions on various
topics.  Plaintiffs claim the questions asked are reasonably
calculated to lead to the discovery of admissible evidence, and
that counsel's instructions were not proper under Rule 30(c)(2).
KMC responds that any instruction not to answer was proper under
Rule 30(c)(2) because the questions posed were outside the
specific limitations set by the Court regarding the scope of the
30(b)(6) deposition.

Rule 30(c)(2) provides that, "A person may instruct a
deponent not to answer [questions] only when necessary to
preserve a privilege, to enforce a limitation ordered by the
court, or to present a motion under Rule 30(d)(3)."  Fed. R.
Civ. P. 30(c)(2).  "Absent one of these exceptions, the
testimony should be provided subject to objection."  Namoury v.
Tibbetts, No. 3:04CV599(WWE)(HBF), 2007 WL 638436, at *1 (D.
Conn. Feb. 27, 2007) (citation omitted). Courts in the Second
Circuit, and others, have recognized a party's right to object

during a 30(b)(6) deposition where matters fall outside the scope of the 30(b)(6) notice. See, e.g., Meyer Corp. U.S. v. Alfay Designs, Inc., No. CV 2010 3647(CBA)(MDG), 2012 WL 3536987, at *5 (E.D.N.Y. Aug. 13, 2012) (noting that a party "is permitted to object to a question as beyond the scope of the [30(b)(6)] notice in order to preserve for the record that the deponent is answering such a question in an individual, not corporate capacity[…].").

The questions posed by plaintiffs' counsel are reasonably calculated to lead to the discovery of admissible evidence.  As previously noted by the Court during the December 11, 2013 telephone conference regarding this same issue, KMC's counsel should have allowed Mr. Brenan to testify and noted its objections to scope on the record.  Prior to trial, KMC may seek jury instructions that such answers were merely answers of the individual witness, and not admissions of the KMC.  See, e.g., Falchenberg, 642 F. Supp. 2d at 165 (citing cases) ("Questions and answers exceeding the scope of the 30(b)(6) notice will not bind the corporation, but are merely treated as the answers of the individual deponent.");  7 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE §30.25[4](3d ed. 2013) ("[I]f a party has fears about the scope of questioning, instructing the witness not to answer is not a proper resolution of the matter.  Rather, one court has suggested that counsel may note on the record which questions it believes are beyond the scope of the deposition notice, and that answers to [these] questions [] are not intended as the answers of the designating party.  Then the witness should be permitted

to answer to the best of his or her ability. Prior to trial, counsel may request jury instructions that such answers were merely the answers or opinions of the individual witness, not admissions of the entity."). Therefore, plaintiffs' motion to compel on this issue is GRANTED. KMC shall make Mr. Brenan available to answer the subject questions at a mutually agreeable date and time. Mr. Brenan's examination on such matters shall be limited to one (1) hour.

Doc. #137 Motion to Compel Regarding KMM's 30(b)(6) Deposition and Production of Documents

### 1. Motion to compel designation of KMM corporate representative on two additional topics

Plaintiffs first seek to compel KMM to designate a corporate representative who is properly prepared to give binding testimony on the topics of (a) all documents which relate to the inspection of personal watercraft by the U.S. Coast Guard at KMM for January 1, 2000 through December 31, 2008 and (b) all policies/procedures for KMM employees relating to these inspections. Plaintiffs claim that these additional topics arose during the deposition of KMM's designee, Charles Kost, on December 13, 2013. Plaintiffs argue they are entitled to explore such information because it is reasonably calculated to lead to the discovery of admissible evidence. KMM argues, inter alia, that the Court should not permit the addition of new 30(b)(6) deposition topics at this late stage of discovery where the subject of Coast Guard inspections arose as early as September 20, 2012.

The Court agrees that plaintiffs should not be permitted to

seek new 30(b)(6) deposition topics at this late stage of
discovery.  First, although plaintiffs contend this issue arose
during Mr. Kost's December deposition,  KMM's answers to
plaintiffs' second set of interrogatories dated September 20,
2012 reference the Coast Guard's annual inspection visits of
KMM. [Doc. #151-3].  Second, plaintiffs have failed to provide
good reason why this topic was not included in its original
30(b)(6) notice, or previously raised during the two hearings on
the scope of the 30(b)(6) notice.  See State Farm Mut. Auto.
Ins. Co. v. New Horizont, Inc., 254 F.R.D. 235, 236 (E.D. Pa.
2008) (denying defendants leave to conduct additional 30(b)(6)
depositions where the defendants had ample opportunity to obtain
the information and had not provided a good reason for failing
to do so).  Therefore, the Court DENIES plaintiffs' motion to
compel KMM to designate a corporate representative on these
additional topics. To the extent that plaintiffs also seek the
production of documents related to this topic, this request is
also denied on the grounds set forth above.

### 2. Motion to compel the production of all non-privileged documents

Plaintiff next seeks the production of all non-privileged
documents related to each agreed and Court-ordered deposition
topic, or for KMM to attest for each topic that despite diligent
efforts, no responsive documents have been identified.
Plaintiffs have gleaned from Mr. Kost's deposition testimony
that KMM did not conduct a thorough search and inquiry for such
documents.  KMM argues that the motion to compel should be

denied because the parties have agreed[3] that absent plaintiffs'
specific identification of relevant documents, KMM is not
required to produce any additional documents and, here,
plaintiffs have failed to provide any such specific
identification.

The Court GRANTS in part plaintiffs' motion to compel on
this issue. In light of the parties' agreement, plaintiffs
should specifically identify any non-privileged documents they
seek that are responsive to the 30(b)(6) topics, which
plaintiffs believe have not been produced.  In so doing,
plaintiffs should refer to supporting deposition testimony.
Defendant KMM shall produce such documents, or attest in writing
that despite diligent effort, no such documents have been
located, within thirty (30) days of receiving plaintiffs'
designation of the documents sought.

### 3. Motion to compel production of KMM representative to testify regarding Topic #5[4]

Finally, plaintiff seeks the deposition of a KMM 30(b)(6)
witness who is adequately prepared to provide complete,
knowledgeable and binding answers on behalf of KMM to questions

---

[3] "The parties have agreed that KMM does not have to produce documents in
response to the below Schedule A.  Rather, if documents are identified by
deponent that are relevant and responsive to the items sought in Schedule A
as modified by the agreed upon depositions topics that KMM will either
produce the document at the deposition or after the deposition." [Doc. #151-
1, Sched. A].

[4] "KMM to produce a corporate representative to testify that it does not
receive reports from consumers and the like.  The warranty that is provided
with the product is not a KMM warranty.  If, by happenstance, KMM receives a
complaint or consumer inquiry that would relate to safety or personal injury,
KMM has a policy that that information is to be forwarded to KMC.  KMM has
never received any information that there were any injuries or safety risks
associated with the STX-15F cargo hooks.  KMM is not the designer & is not
responsible for determining defects in any components that it manufactures."
[Doc. #151-1].

regarding court-ordered Topic #5.  Plaintiffs seek such
redesignation on the basis that Mr. Kost did not know whether
KMM had ongoing communication with KMI on a daily basis.
Plaintiffs also seek a properly prepared witness to testify
regarding databases shared among KMM, KMC, and KHI.  Defendants
argue that Mr. Kost adequately testified as to each of the
points identified in Court-ordered topic #5, and additionally
that the issue of the shared database falls outside the scope of
the deposition notice. The Court's review of Mr. Kost's
deposition testimony reveals that he did testify as to the items
designated by the Court in topic #5, and also testified with
respect to the issue of a shared database.  However, it is
reasonable to assume that whether the Kawasaki entities
communicate on a daily basis should readily be known or
reasonably available to KMM.  Indeed, this is also true with
respect to the general relationship between the entities.
Because questions on this issue are reasonably calculated to
lead to admissible evidence, KMM should designate a new
corporate representative to testify as to topic #5, specifically
with respect to the relationship between and among the Kawasaki
entities.  Accordingly, the Court GRANTS plaintiffs' motion to
compel KMM's 30(b)(6) deposition at which a witness will testify
regarding Topic #5, specifically with respect to the
relationship between and among the Kawasaki entities.  This
deposition shall be limited to one (1) hour, and shall occur on
a date and time agreed to by the parties.

The above rulings necessitate yet another extension of the

scheduling order.  The parties shall submit, within ten (10)
days of this ruling, a joint motion for extension of the
discovery deadlines and, if warranted, of the dispositive motion
deadlines.

**IV.   Conclusion**

   Plaintiffs' motions to compel [Doc. ##135, 137] are GRANTED IN
PART AND DENIED IN PART, as articulated above.

   This is not a Recommended Ruling. This is a discovery ruling
or order which is reviewable pursuant to the "clearly erroneous"
statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R.
Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an
order of the Court unless reversed or modified by the district
judge upon motion timely made.

        SO ORDERED at Bridgeport this 20th day of February 2014.


                        _____/s/_____
                        HOLLY B. FITZSIMMONS
                        UNITED STATES MAGISTRATE JUDGE