```
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF CONNECTICUT

CARLY LUTES, KEVIN LUTES, AND    :
S.L., PPA KEVIN AND CARLY        :
LUTES                            :
                                 :
v.                               :   CIV. NO. 3:10CV1549 (WWE)
                                 :
KAWASAKI MOTORS CORP., USA       :
AND KAWASAKI MOTORS              :
MANUFACTURING CORP.              :
```

**RULING ON PLAINTIFFS' RENEWED MOTION TO COMPEL PRODUCTION OF UNREDACTED WARRANTY CLAIM DOCUMENTS [DOC. #142]**

Plaintiffs Carly and Kevin Lutes bring this products liability action against defendants Kawasaki Motors Corporation, USA (KMC), and Kawasaki Motors Manufacturing Corporation (KMM). It arises out of personal injuries plaintiffs sustained from an accident involving a Jet Ski manufactured by KMM and marketed and distributed by KMC. Pending before the Court is plaintiffs' renewed motion to compel the production of unredacted warranty claim documents. [Doc. #142]. Defendant KMC opposes plaintiffs' motion. [Doc. #152]. For the reasons articulated below, plaintiffs' renewed motion to compel is GRANTED IN PART.

**1. Background**

The claims in this action arise from the use of a "recessed hook"[1] on plaintiffs' Jet Ski. Specifically, plaintiffs Carly and Kevin Lutes were using their Jet Ski to tow an unmanned inner tube, which was attached by rope to the Jet Ski's recessed hook

---

[1] The parties dispute the proper term for the device in question. Plaintiffs refer to the subject device as a "cleat." The owner's manual for the Jet Ski at issue refers to the device as a "recessed hook", while the Kawasaki parts system refers to it as a "cargo hook." For purposes of this ruling, the subject device will be referred to as a "recessed hook."

and tow hook.  Plaintiff Carly Lutes was holding the excess rope when the recessed hook allegedly broke away from the Jet Ski, causing the tow rope to constrict around her arm, pulling her off the Jet Ski, and severing her left hand from her arm. Plaintiffs allege that the subject jet ski was defectively designed in using the recessed hook.

Over the course of extensive discovery, KMC produced documents relating to warranty claims involving the recessed hook for the Jet Ski model at issue.  KMC has produced twenty two (22) such warranty claims, albeit with redactions to the customers' names, addresses, and telephone numbers.  KMC redacted this information pursuant to the right to privacy set forth in Article I, Section I of the California Constitution.

Plaintiffs seek the customer information to counter KMC's suggestion that it has never heard of a customer using the recessed hooks for anything other than securing cargo. Plaintiffs contend that they should not have to "take KMC's word for it", in light of the significant number of replacement parts sold, and the dealer comments in the warranty claim documents. Plaintiffs also claim that this information is "potentially critical to the issues of notice, the pre-and post-sale duties to warn, and recklessness."  Simply, plaintiffs seek to investigate how these customers used the recessed hooks, and why the hooks broke.

After hearing oral argument on February 18, 2014, on February 20, 2014, the Court issued a ruling granting in part and denying in part plaintiff's motion to compel. [Doc. #158].

In so ruling, the Court did not reach a choice of law issue as the order required defendants to send a letter on behalf of plaintiffs to the warranty claim customers. [Id.]. On May 20, 2014, the Court held a telephone conference addressing, in part, the sufficiency of the responses received from the warranty customer letters. [Doc. ##168-69]. Out of twenty two (22) letters sent, plaintiffs received zero (0) telephone calls, six (6) envelopes stamped "return to sender" and one (1) written response. Plaintiffs accordingly have renewed their request to directly contact the twenty-two warranty claim customers.

**2.   Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery.  See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256

F.R.D. 79, 80 (D. Conn. 2009).

### 3. Discussion

Plaintiffs make several arguments in favor of granting the motion to compel, the majority of which implicate choice of law principles. At this stage of the proceedings, the Court declines to make a broad finding of the law applicable to plaintiffs' substantive claims and again need not reach the choice of law issue where, even assuming California law applies, the Court finds that defendants have not met their burden to establish the right to privacy privilege. However, in an abundance of caution, the Court will not require defendants to provide the contact information for those customers with California addresses.

The right to privacy is explicitly codified in California's constitution. Cal. Const. art. 1, § 1; Bible v. Rio Prop., Inc., 246 F.R.D. 614, 620 (C.D. Cal. 2007). This right to privacy "protects the individual's reasonable expectation of privacy against a serious invasion." Puerto v. Superior Court, 158 Cal. App. 4th 1242, 1250 (2004) (emphasis in original; citation omitted). California courts apply the following framework for evaluating invasion of privacy claims:

> First, a claimant must possess a "legally protected privacy interest." Second, the claimant must have a reasonable expectation of privacy under the particular circumstances, including the customs, practices, and physical settings surrounding particular activities. Third, the invasion of privacy must be serious in nature, scope, and actual or potential impact. Trivial invasions do not create a cause of action. If there is a reasonable expectation of privacy and the invasion of privacy is serious, then the court must balance the privacy interest at stake against other competing or countervailing interests, which include the interest of the requesting party, fairness to litigants in

4

>     conducting the litigation, and the consequences of
>     granting or restricting access to the information.

Puerto, 158 Cal. App. 4th at 1250-51 (citations omitted). Courts have likewise applied this framework to a discovery request for witness contact information. Id. at 1252. Accordingly, bearing this framework in mind, and assuming without deciding that California law applies to the privilege issue, the Court turns to the present dispute.

First, the warranty customers have a legitimate expectation of privacy in their addresses and telephone numbers under California law. See id. (quoting Planned Parenthood Golden Gate v. Superior Court, 83 Cal. App. 4th 347, 359 (2000)). Indeed, California "[c]ourts have frequently recognized that individuals have a substantial interest in the privacy of their home," including "disclosure of residential addresses and telephone numbers." Planned Parenthood, 83 Cal. App. 4th at 359.

However, under the particular circumstances, the Court is not convinced that all of the warranty customers' expectations of privacy are reasonable under the circumstances, particularly where their contact information has already been voluntarily disclosed to defendants.

>     A "reasonable" expectation of privacy is an objective
>     entitlement founded on broadly based and widely
>     accepted community norms. The reasonableness of a
>     privacy expectation depends on the surrounding
>     context. We have stressed that customs, practices, and
>     physical settings surrounding particular activities
>     may create or inhibit reasonable expectations of
>     privacy.

County of L.A. v. L.A. County Employee Relations Com., 56 Cal. 4th 905, 927 (2013) (internal quotation marks and citation

omitted).

Here, the warranty customers who are not California residents had <u>no</u> apparent expectation of privacy when purchasing the Jet Ski(s) or submitting their warranty claims. Indeed, all customers, even those residing in California, voluntarily disclosed this information to defendants. Further, although it is reasonable to hope that contact information is not disseminated beyond the purpose for which it is provided, it is not reasonable in today's society and under these circumstances to expect that basic information such as an address will not be distributed further than intended, absent a direct representation to that effect. Accordingly, although the California residents may have a slightly reasonable expectation of privacy in their contact information, the non-California residents, considering the "customs, practices, and physical settings surrounding [these] particular activities," do not. Moreover, "[t]he fact that we generally consider residential telephone and address information private does not mean that the individuals would not want it disclosed under these circumstances." <u>Puerto</u>, 158 Cal. App. 4th at 1252-53. Indeed, "[w]hile it is unlikely that the [warranty customers] anticipated broad dissemination of their contact information when they gave it to [defendants], that does not mean that they would wish it to be withheld from plaintiffs seeking relief for [injuries resulting from a Jet Ski model] that they shared." <u>Id.</u> at 1253. Accordingly, the Court does not find that all of the warranty customers had a reasonable expectation of privacy in

their contact information. See, e.g., McArdle v. AT&T Mobility LLC, No. C 09-1117CW(MEJ), 2010 WL 1532334, at *4 (N.D. Cal. April 16, 2010) ("Here, like in Pioneer[2], release of the customer identifying information would be limited to Plaintiff and his counsel in this case. Further, it involves disclosure of contact information already voluntarily disclosed to Defendants. This information will help Plaintiff learn the names of other persons who might assist in prosecuting this case, and it involves no revelation of personal or intimate activities, or similar private information.").[3]

Finally, the Court must consider whether the invasion of privacy is serious in nature, scope, and actual or potential impact. "[T]he invasion of privacy complained of must be 'serious' in nature, scope and actual or potential impact to constitute an 'egregious' breach of social norms, for trivial invasions afford no cause of action." McArdle, 2010 WL 1532334, at *4 (citation omitted). "Contact information, while personal is not particularly sensitive, as it is merely contact information, not medical or financial details, political affiliations, sexual relationships or personnel information." Foster v. ScentAir Tech., Inc., Case No. 13-cv-05772-TEH(MEJ), 2014 WL 4063160, at *4 (N.D. Cal. Aug. 15, 2014) (citation and

---

[2] Pioneer Electronics (USA) v. Superior Court, 40 Cal. 4th 360 (2007).

[3] Like the Court in McArdle, here the Court will not require that defendants provide written notice to the warranty customers so that they can "opt out" of the disclosure of their information. "First, Pioneer does not impose a notice requirement. Second, notice would make no sense here, as witnesses cannot choose to 'opt out' of civil discovery. Generally, witnesses are not permitted to decline to participate in civil discovery, even when the information sought from them is personal or private." McArdle, 2010 WL 1532334, at *4 (citations omitted).

internal quotation marks omitted). The Court agrees that the information plaintiffs seeks is not "particularly sensitive" and that disclosing this information to plaintiffs' counsel would not constitute a "serious" invasion of the warranty customers' privacy. See, e.g., Puerto, 158 Cal. App. 4th at 1254 ("As the Supreme Court pointed out in Pioneer, the information sought by the petitioners here – the location of witnesses – is generally discoverable, and it is neither unduly personal nor overly intrusive.").

The defendants fail to provide any evidence to suggest otherwise. Indeed, the cases in which defendants rely in support of their position are distinguishable from the present matter. For example, in City of San Jose v. Superior Court, 74 Cal. App. 4th 1008 (1999),

> [T]he court ruled that a newspaper could not compel a city to disclose the names, addresses and telephone numbers of individuals who had complained about airport noise. The court reasoned that it could infer from human experience that public disclosure of that information would "have a chilling effect on the number of the complaints made" and that it would "subject complainants to the loss of confidentiality in their complaints, and also to direct contact by the media and by persons who wish to discourage complaints."

Planned Parenthood, 83 Cal. App. 4th at 360 (citing City of San Jose, 74 Cal. App. 4th at 1024). The Court disagrees that disclosure of the warranty customer contact information rises to the same level of invasion as that presented in City of San Jose. Indeed, there the disclosure would have been to media versus an attorney who may not further disseminate the information to the public at large. Moreover, complaints to a

governmental entity regarding airport noise and a warranty claim to a private corporation are vastly different for obvious reasons. For example, the Court cannot fathom that an "exposed" customer may face the same ramifications for submitting a warranty claim as an "exposed" member of the public complaining to the government. See, e.g., City of San Jose, 74 Cal. App. 4th at 1020 (quoting Evans v. Dep't of Trans., 446 F.2d 821, 824 n. 1 (5th Cir. 1971)) ("A citizen must be able in confidence to complain to his Government and to provide information…").

The Planned Parenthood case, upon which defendants also rely, is similarly distinguishable. There, the appellate court reversed a superior court ruling ordering the disclosure of names, residential addresses and telephone numbers of Planned Parenthood staff and volunteers who had knowledge relevant to the underlying litigation.[4] Planned Parenthood, 83 Cal. App. 4th at 350-51. There, the court determined that privacy interests at issue presented strong concerns about safety and privacy "because the litigants [] represent opposing factions in the emotionally charged and often violent debate regarding the abortion issue[…]" Id. at 362. As such, the appellate court found that, "human experience distinguishes Planned Parenthood's staff and volunteers from potential witnesses in 'routine' civil litigation. Case law from this and other jurisdictions confirms that when the circumstances merit protection of just this type of information, courts do not hesitate to afford it." Id. at

---

[4] The Planned Parenthood litigation concerned the scope of the plaintiff's rights to engage in antiabortion protest activities outside Planned Parenthood facilities. Planned Parenthood, 83 Cal. App. 4th at 350.

364. By contrast, the present litigation is "routine" civil litigation that does not implicate the impassioned views associated with the abortion debate. For example, the disclosure of the warranty customer contact information, unlike the disclosure of Planned Parenthood's staff's contact information, does not implicate the strong safety and privacy concerns at issue in Planned Parenthood.

Finally, defendants rely on Bible v. Rio Properties, Inc., 246 F.R.D. 614 (C.D. Cal. 2007). In Bible, plaintiff brought a claim against a hotel to recover damages for injuries she sustained from tripping over a room service tray left in a hallway. Id. at 616. Plaintiff served defendant with a Rule 30(b)(6) deposition notice seeking documents relating to customer complaints involving falling or tripping over a room service tray. Id. at 616. Defendant objected to producing responsive documents that invaded third parties' right to privacy. Id. at 620. Without specifically evaluating the invasion of privacy claim, the court found that, "the rights of third parties can be adequately protected by permitting defendant to redact the guest's complaints and staff incident reports to protect the guest's name and personal information, such as address, date of birth, telephone number, and the like." Id.

Although Bible is somewhat analogous to the present case, the Court agrees with plaintiff's analysis that, because the claim information produced would have provided the substantive information sought (i.e., how other similar incidents occurred

and the nature of any injuries sustained), plaintiff there presented no need to produce the guests' contact information. Here by contrast, the redacted documents already produced to plaintiffs do not offer the substantive information sought. Only by contacting the warranty customers could plaintiffs obtain such information. Although defendants argue that plaintiffs cannot demonstrate that any warranty customer's claims involved the same circumstances, defendants have put this matter directly at issue and plaintiffs are not obligated to rely on their word. See, e.g., Synthleabo v. Apotex, Inc., 299 F. Supp. 2d 303, 308-09 (S.D.N.Y. 2004) (finding it unfair for complainant to assert contentions to the court and then to rely on privilege to block disclosure of materials that might disprove or undermine those contentions).

    Therefore, because defendants have failed to meet the criteria for invasion of a privacy interest, the Court need not balance the privacy interest at stake against other competing or countervailing interests. Although defendants have generally not met their burden, in an abundance of caution, the Court will not require defendants to provide the contact information for the warranty customers with California addresses. Defendants will, however, provide the non-California warranty customer contact information including names, addresses and telephone numbers, within ten (10) days of this ruling. Plaintiffs' counsel will not further disseminate the contact information received.

**4.     Conclusion**

Accordingly, plaintiffs' renewed motion to compel [Doc. #142] is GRANTED in part, as set forth above. Defendants will provide the non-California warranty customer contact information within ten (10) days of this ruling.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 22nd day of October 2014.

```
_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```