```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CARLY LUTES, KEVIN LUTES, AND    :
S.L., PPA KEVIN AND CARLY        :
LUTES                            :
                                 :
v.                               :    CIV. NO. 3:10CV1549 (WWE)
                                 :
KAWASAKI MOTORS CORP., USA       :
AND KAWASAKI MOTORS              :
MANUFACTURING CORP.              :
```

<u>RULING ON DEFENDANTS' MOTION TO COMPEL PRODUCTION OF
A SUPPLEMENTAL AFFIDAVIT, OR ALTERNATIVELY,
REQUEST FOR DEPOSITION OF PLAINTIFFS' COUNSEL [DOC. #198]</u>

Plaintiffs Carly and Kevin Lutes bring this products liability action against defendants Kawasaki Motors Corporation, USA (KMC), and Kawasaki Motors Manufacturing Corporation (KMM). It arises out of personal injuries plaintiffs sustained from an accident involving a Jet Ski manufactured by KMM and marketed and distributed by KMC. Pending before the Court is defendants' motion to compel production of a supplemental affidavit, or alternatively, request for deposition of plaintiffs' counsel. [Doc. #198]. On October 30, 2014, the Court held a telephone conference addressing the merits of defendants' motion and providing counsel an opportunity to be heard. For the reasons articulated below, defendants' motion to compel [Doc. #198] is **GRANTED**.

On June 13, 2014, plaintiffs' counsel, Brendan Faulkner, advised defendants that, "the tube and rope [involved in the accident] are presently missing and I doubt they will be located." [Doc. #198-2]. Attorney Faulkner then provided a brief description of what he believed happened to the evidence. The

Court held a telephone conference on July 2, 2014, where defendants raised the issue of the missing tube and rope. The Court ordered that Attorney Faulkner provide an affidavit attesting to the status of the rope and tube. [Doc. #179]. Attorney Faulkner provided the affidavit on August 8, 2014. [Doc. #198-1]. Defendants, not satisfied with the information provided in this affidavit, sent a letter to Attorney Faulkner dated August 13, 2014, seeking additional information bearing on the disappearance of the rope and tube ("August 13 letter"). The present motion to compel followed after Attorney Faulkner failed to substantively respond to the August 13 letter.

On October 17, 2014, Attorney Faulkner did respond to the August 13 letter, stating that he had already provided sufficient information regarding what he believed happened to the rope and tube. He further stated,

> The significance of the missing tube and rope to this litigation is very low under the circumstances. First, the tube and the rope were well documented and photographed prior to being lost, including by [defendants'] own experts. Second, it is apparent that Kawasaki obtained replicas of both the tube and the rope in order to conduct the testing it hired its expert to perform.

Notwithstanding this position, Attorney Faulkner then provided additional information in an attempt to answer defendants' questions. He further cautioned that he could not provide the level of detail defendants seek.

During the October 30, 2014 telephone conference, defendants argued that Attorney Faulkner's October 17 letter did not resolve the issues presented in the motion to compel.

2

Defendants also argued that they need the information requested in the August 13 letter for purposes of seeking an adverse inference instruction in light of the apparent spoliation of the rope and tube. Plaintiffs reiterated the position taken in the October 17 letter.

A party seeking an adverse inference instruction based on the destruction of evidence must establish,

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the [evidence was] destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

<u>Residential Funding Corp. v. DeGeorge Financial Corp.</u>, 306 F.3d 99, 107 (2d Cir. 2002) (citing <u>Byrnie v. Town of Cromwell</u>, 243 F.3d 93, 107-12 (2d Cir. 2001)). A party may establish the "culpable state of mind" factor "by a showing that the evidence was destroyed knowingly, even if without intent to breach a duty to preserve it, or negligently." <u>Id.</u> at 108 (emphasis and brackets altered; citation omitted). As to the relevance factor,

> [A] showing of gross negligence in the destruction [] of evidence will in some circumstances suffice, standing along to support a finding that the evidence was unfavorable to the grossly negligent party. Accordingly, where a party seeking an adverse inference adduces evidence that its opponent destroyed potential evidence (or otherwise rendered it unavailable) in bad faith or through gross negligence (satisfying the "culpable state of mind" factor), that same evidence of the opponent's state of mind will frequently also be sufficient to permit a jury to conclude that the missing evidence is favorable to the party (satisfying the "relevance" factor).

Id. at 109 (internal citation omitted); see also R.F.M.A.S., Inc. v. So, 271 F.R.D. 13, 23 (S.D.N.Y. 2010) (citation omitted) (discussing same standard in copyright and trade infringement action involving destruction of jewelry exemplar).

The questions posed in the August 13 letter directly bear on whether Attorney Faulkner's conduct was "grossly negligent," which will become pertinent to deciding defendants' anticipated application for an adverse inference. Therefore, the Court **GRANTS** defendants' motion to compel [Doc. #198]. Attorney Faulkner will answer the questions posed in the August 13 letter in a sworn affidavit to the best of his ability. If he cannot answer a question, he should so state. He will also include the last known contact information (email, telephone, address) for Mr. Barney and Dr. deMayo. Attorney Faulkner will provide this affidavit to defendants within fourteen (14) days of this ruling.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 5th day of November 2014.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE